UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MURAT ATES, a free sovereign living
soul,

                        Plaintiff,

            -against-

UNITED STATES, STATE OF NEW YORK,
GARY R. BROWN, in his personal
capacity and in his official capacity
as a Justice of Federal Court; JOAN M.
AZRACK, in her personal capacity and
in her official capacity as a Justice
of Federal Court; TOURO COLLEGE JACOB
D. FUCHSBERG LAW CENTER; ANDREW CRECCA,
in his personal capacity and in his
official capacity as Justice of the
Supreme Court of New York, 10th Judicial
District; PATRICK LEIS, III, in his
personal capacity and in his official
capacity as Justice of the Supreme Court
of New York, 10th Judicial District;
VICTORIA GUMBS-MOORE, in her personal
capacity and in her official capacity
as Justice of the Family Court of New
York, 10th Judicial District; VICTIMS
INFORMATION BUREAU OF SUFFOLK (VIBS);
and FERDAG DILAY ALTINER,

                       Defendants.
----------------------------------------X

MEMORANDUM & ORDER
TO SHOW CAUSE
20-CV-4334(JS)(AYS)

APPEARANCES
For Plaintiff:      Murat Ates, pro se[1]
                    (631) 790-1080
                    muratates.ny@gmail.com

For Defendants:     No appearances.

---

[1] Plaintiff alleges that he is homeless and therefore does not provide a mailing address.

SEYBERT, District Judge:

Murat Ates ("Plaintiff") has initiated five frivolous actions in this District, inclusive of this Action, since March 13, 2020. See Ates v. Altiner, No. 20-CV-1477 (Azrack, J.) ("Ates I"); Ates v. Altiner, No. 20-CV-1479 (Azrack, J.) ("Ates II"); Ates v. Azrack, No. 20-CV-3590 (Brown, J.) ("Ates III"); and Ates v. Touro College Jacob D. Fuchsberg Law Center, No. 20-CV-3729 (Brown, J.) ("Ates IV"). For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), and leave to amend is DENIED as futile. Plaintiff is further ORDERED TO SHOW CAUSE as to why the Court should not enter a filing injunction barring Plaintiff from filing a new action in this Court without permission, as set forth below.

BACKGROUND

I.   Plaintiff's Litigation History in this Court

On March 13, 2020, Plaintiff commenced Ates I by filing a complaint against (1) his estranged wife Ferdag Dilay Altiner ("Altiner"); (2) the State of New York; (3) the justices of the New York State Supreme Court and Family Court who presided over the underlying state court proceedings;[2] (3) Judge Janet DiFiore,

---

[2] Judges Andrew Crecca, Patrick Leis, III, and Victoria Gumbs-Moore in their personal and official capacities as Justices of either the Supreme or Family Courts of New York, 10th Judicial District.

Chief Justice of the New York State Court of Appeals; (4) the justices of the New York State Appellate Division, Second Department;[3] (5) the members of the New York State Commission on Judicial Conduct;[4] (6) the Victims Information Bureau of Suffolk ("VIBS"); (7) Catherine DeSanto; (8) Lance Simon; and (9) Penny Slomovitz-Glaser. (Ates I, Compl., D.E. 1.) Plaintiff alleged that New York state domestic relation laws and family laws are unconstitutional and that he was treated unfairly during state court matrimonial and family court proceedings. (See generally Ates I, Compl.) On May 4, 2020, Plaintiff filed an updated AO 239 in forma pauperis ("IFP") application and an Amended Complaint. (See Ates I, Am. Compl., D.E. 12; IFP Mot., D.E. 13.) Plaintiff sought to disqualify and impeach several state court judges, a declaration that the New York State Family Court Act and certain Domestic Relations Laws are unconstitutional, and other orders addressing perceived instances of bias in the underlying matrimonial and family court proceedings. Plaintiff also

---

[3] Judges Alan D. Scheinkman, William F. Mastro, Reinaldo E. Rivera, Mark C. Dillion, Leonard B. Austin, Ruth C. Balkin, John M. Leventhal, Cheryl E. Chambers, Robert J. Miller, Sandra L. Sgroi, Betsy Barros, L. Priscilla Hall, Valerie Brathwaite Nelson, Linda Christopher, Paul Wooten, Joseph J. Maltese, Colleen Duffy, Sylvia O. Hinds-Radix, Sheri S. Roman, Jeffrey A. Cohen, Francesca E. Connolly, Hector D. LaSalle, and Angela G. Iannacci.

[4] Joseph W. Belluck, Paul B. Harding, Jodie Corngold, John A. Falk, Taa Grays, Leslie G. Leach, Angela L. Mazzarelli, Robert J. Miller, Marvin Ray Raskin, and Akasia Garcia Yeboah.

requested an order regarding custody of his children, alimony, as well as property and money he believes Altiner owed him.

On March 16, 2020, Plaintiff commenced Ates II by filing a complaint and an application to proceed in forma pauperis. (Ates II, Compl., D.E. 1; IFP Mot., D.E. 2.) There, Plaintiff named Altiner, Judge Crecca, Judge Leis, Judge Gumbs-Moore, VIBS, and Touro College Jacob D. Fuchsberg Law Center ("Touro") as defendants. The allegations were substantially similar to those asserted in Ates I except that in Ates II, Plaintiff alleged that the judges who presided over his matrimonial and family court proceedings caused Touro to deny him admission to the law school. (Ates II, Compl. ¶¶ 36-42.) Plaintiff sought, among other things, $17 billion in damages and a declaration that Touro violated his constitutional rights. (Id. ¶¶ 1-2.)

On June 19, 2020, Judge Joan M. Azrack issued an order dismissing the complaints in both Ates I and Ates II. (See Ates I, June 19, 2020 Order, D.E. 17; Ates II, June 19, 2020 Order, D.E. 9.) Judge Azrack granted Plaintiff's requests to proceed in forma pauperis, consolidated the Amended Complaint in Ates I with the Complaint in Ates II, and dismissed both actions without prejudice. Specifically, Judge Azrack dismissed Plaintiff's claims for lack of subject matter pursuant to the domestic relations exception finding that Plaintiff sought "to challenge rulings made during the underlying state court matrimonial action

4

and child custody proceedings." (Ates I, June 19, 2020 Order at
8-11.)[5] Judge Azrack next held that Plaintiff's claims were barred
by the Rooker-Feldman doctrine because they asked the Court to
"review and reject the state court decisions awarding custody of
his children to his former spouse, child support and alimony
payments, and the entry of orders of protection." (Id. at 11-13.)
Judge Azrack denied leave to amend and stated "Plaintiff may pursue
any valid state law claims that he may have against the defendants
in state court." (Id. at 13-14.)

On or around August 6, 2020, Plaintiff initiated Ates
III by filing a complaint and an application to proceed in forma
pauperis. (Ates III, Compl. D.E. 1; IFP Mot., D.E. 4.) There,
Plaintiff asserted many of the same claims alleged in Ates I and
named Judge Azrack as a defendant. (See Ates III, Compl.) On or
around August 14, 2020, Plaintiff commenced Ates IV by filing a
complaint and an application to proceed in forma pauperis. (Ates
IV, Compl., D.E. 1; IFP Mot., D.E. 2.) The Ates IV complaint
asserted many of the same claims alleged in Ates II and named Judge
Azrack as a defendant. (See Ates IV, Compl.) On August 20, 2020,
Judge Gary R. Brown entered Electronic Orders in both Ates III and
Ates IV granting Plaintiff's applications to proceed in forma

---

[5] Judge Azrack issued the same order in both actions. For ease of
reference, the Court cites to the Memorandum and Order posted in
Ates I at Docket Entry 17.

pauperis and sua sponte dismissing the actions with prejudice as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i).[6]  (See Ates III, Aug. 20, 2020 Elec. Order (citing Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) and Miller v. Doe, No. 20-CV-0930, 2020 WL 4616322, at *3 (E.D.N.Y. July 23, 2020)).

II.  This Action[7]

        Plaintiff commenced this Action on or around September 15, 2020 by filing a Complaint against the United States, the State of New York, Judge Brown, Judge Azrack, Touro, Judge Crecca, Judge Leis, Judge Gumbs-Moore, VIBS, and Altiner (collectively, "Defendants").  (Compl., D.E. 1.)  The Complaint asserts "violations of certain protections guaranteed to him by the First, Second, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments of the Constitution" against the "judges in the Supreme Court of New York and Family Court of New York" and "the private defendants" pursuant to 42 U.S.C. §§ 1983, 1961, 1985, 18 U.S.C. §§ 1961, 1964, 241, 245, and 249, a "Bivens Action" against Judge Azrack and Judge Brown, and claims pursuant to 18 U.S.C. § 2000d against Touro and VIBS.  (See Compl. at 2, ¶ II.)  Plaintiff alleges that he is

---

[6] Judge Brown issued the same Electronic Order in both actions. For ease of reference, hereafter, the Court cites to the Electronic Order posted to the Ates III docket.

[7] The Court cites to the Complaint exactly as filed.  Unless noted, errors in spelling, punctuation, and grammar have not been corrected.

"homeless (as a result of Defendants' hate crimes, religious and racial discrimination and crimes committed under the color of law)," is a "Free Sovereign Living Soul," and is attending Quinnipiac University School of Law. (Compl. at 2.) Here, too, Plaintiff asserts claims regarding the constitutionality and fairness of the underlying state court proceedings and arising out of the denial of his admission to Touro. (See generally Compl.) He also asserts that Judge Azrack and Judge Brown deliberately, and in bad faith, "dismissed [his] federal lawsuit[s]" and:

> frivolously and deliberately prevented the homeless & penniless Plaintiff from pursuing Appeals of their illegal, unconstitutional dismissals of the Plaintiff Civil Rights Claims by unconstitutionally denying the Plaintiff his Rights to fair trial, equal protection of laws and due process, also denying the Plaintiff his right to pursue redress of the real, proven injuries caused by the illegal acts of the defendants using Unconstitutional Federal Codes 28 U.S.C. §§ 1915 (a)(3), (e)(2)(B)(i)

(Compl. at 6, ¶ 12-14.) Plaintiff further alleges that the United States:

> deliberately and frivolously operates a Racketeering Operation through its Judiciary and protects such Racketeering Operation from the Constitutional penalties by granting the Same Racketeering Organization rights to make case laws and statutes that immunizes the Racket from the Constitution. UNITED STATES facilitates the RACKET to dismiss complaints against itself by providing -- endless and infinitely many -- Unconstitutional, arbitrary and baseless codes, statutes or case law as a justification for dismissal

(Compl. at 7, ¶ 15.)  Plaintiff seeks, among other things, a declaration that:

> (1)  ALL defendants as co-conspirators and acco[]mplices to UNITE[D] STATES, committed an armed robbery, robbing the Plaintiff of his property and assets valued at seventeen billion dollars;
>
> ***
>
> (5) [the] Domestic Relations Laws and Family Court Acts of ALL 50 STATES [are] Unconstitutional;
>
> (6) [the] Character and Fitness assessments of ANY educational or professional organization receiving Federal Funds as a part of their admission process is UNCONSTITUIONAL;
>
> (7) 28 U.S.C. § 1915 [is] UNCONSTITUTIONAL;
>
> (8) [the] "Domestic Relations Exception[,]" "Rooker/Feldman Doctrine" and the "Plausability" standard of Ashcroft v. Iqbal are UNCONSTITUTIONAL; and
>
> ***
>
> (10) Free Sovereign People and Common Law Courts formed by Free Sovereign People have exclusive jurisdiction on ANY complaint against ANY Governmental Entity.

(Compl. at 7-8, ¶¶ 1-11.)

## DISCUSSION

I.   *In Forma Pauperis* Application

Plaintiff filed an application to proceed in forma pauperis. (IFP Mot., D.E. 1-1.) Upon review of the application, the Court finds that Plaintiff is qualified to commence this Action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is GRANTED.

II.  Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an in forma pauperis action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Further, while 28 U.S.C. § 1915(e)(2)(B) mandates dismissal on any of the above-stated grounds, the Court must construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at

555).

III. <u>The Complaint Fails to Allege a Plausible Claim for Relief</u>

       Plaintiff asserts claims under 42 U.S.C. §§ 1961, 1983, 1985 and 18 U.S.C. §§ 241, 245, 249, 1961, and 1964.  (Compl. at 2 ¶ II, 7 ¶ 2.)  Plaintiff also asserts claims against Touro and VIBS pursuant to 42 U.S.C. §§ 2000d(1)-(7).[8]  (Compl. at 2 ¶ II, 5 ¶ 5, 7 ¶ 2.)  As stated herein, the Complaint fails to state a plausible claim for relief under any of these statutes.

    A.  *Res Judicata*

       "The doctrine of <u>res</u> <u>judicata</u>, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  <u>Brown Media Corp. v. K&L Gates, LLP</u>, 854 F.3d 150, 157 (2d Cir. 2017)  (internal quotation marks and citations omitted).  <u>Res</u> <u>judicata</u> bars a subsequent litigation where a prior decision was "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."  <u>Hecht v. United Collection Bureau, Inc.</u>, 691 F.3d 218, 221-22 (2d Cir. 2012) (citation omitted).  As for the fourth element, courts look to "whether the same transaction

_____

[8] Throughout the Complaint, Plaintiff alleges claims against Touro and VIBS pursuant to both 18 U.S.C. § 2000d and 42 U.S.C. § 2000d. The Court construes these claims to arise under Title 42 as no such section exists under Title 18.  (Compl., D.E. 1 at 2, 5 ¶ 5, 7 ¶ 2.)

or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Brown Media, 854 F.3d at 157 (citation omitted).

Other than adding Judge Brown as a defendant, this Action is nearly identical to Ates III and Ates IV. Insofar as Plaintiff seeks to assert the same claims raised and dismissed before Judge Brown in Ates III and Ates IV, those claims are DISMISSED as precluded by res judicata. Judge Brown dismissed Ates III and Ates IV "with prejudice as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(b)(i)." (Ates III, Aug. 20, 2020 Elec. Order.) Plaintiff, therefore, cannot relitigate those claims here. Castro v. Cusack, No. 15-CV-6714, 2019 WL 3385218, at *3 (E.D.N.Y. July 26, 2019) (dismissing claims as barred by res judicata where the plaintiff's prior action was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)). In an abundance of caution, however, the Court proceeds to the merits.

B.   Claims Pursuant to 18 U.S.C. §§ 241, 245, and 249

Plaintiff asserts claims pursuant to 18 U.S.C. §§ 241, 245, and 249. (Compl. at 2.) However, these are criminal statutes and do not provide a private right of action. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order) ("[C]laims based on the violation of federal criminal statutes, such as [18 U.S.C. § 241], . . . are not cognizable, as federal

criminal statutes do not provide private causes of action."); <u>Pierce v. N.Y.S. Police (Troop D Lowville)</u>, No. 05-CV-1477, 2011 WL 1315485, at *7 (N.D.N.Y. Apr. 4, 2011) ("[A]lthough the Second Circuit has not yet addressed the issue, district courts have held that the federal criminal hate crime statute, 18 U.S.C. § 249(a), does not create a private right of action.") (collecting cases); <u>McNeil v. Aguilos</u>, 831 F. Supp. 1079, 1087 (S.D.N.Y. 1993) (dismissing claim asserted under 18 U.S.C. § 245 because "the statute confers no private right of action"). Thus, "[a] private citizen cannot prosecute a criminal action in federal court," <u>Rochester v. Carter</u>, No. 20-CV-3427, 2020 WL 2857158, at *2 (S.D.N.Y. June 1, 2020), and Plaintiff's claims pursuant to 18 U.S.C. §§ 241, 245, and 249 are DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

C.   <u>Claims Pursuant to 18 U.S.C. §§ 1961 and 1964</u>

Plaintiff attempts to invoke the Racketeer Influenced and Corrupt Organizations Act ("RICO") and asserts conspiracy claims pursuant to 18 U.S.C. §§ 1961 and 1964.[9] The federal RICO statute provides a private right of action to "[a]ny person injured in his business or property by reason of a violation of section 1962" of the RICO Act. 18 U.S.C. § 1964(c). To state a plausible RICO claim, a plaintiff must allege:

---

[9] The Court construes Plaintiff's claims pursuant to <u>42</u> U.S.C. § 1961 as brought pursuant to <u>18</u> U.S.C. § 1961.

> (1) that the defendant (2) through the
> commission of two or more acts
> (3) constituting a 'pattern' (4) of
> 'racketeering activity' (5) directly or
> indirectly invests in, or maintains an
> interest in, or participates in (6) an
> 'enterprise' (7) the activities of which
> affect interstate or foreign commerce.

Williams v. Affinion Grp., LLC, 889 F.3d 116, 123-24 (2d Cir. 2018)
(quoting Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir.
1983)); see 18 U.S.C. § 1962(a)-(c). Because "'the core of a RICO
civil conspiracy is an agreement to commit predicate [RICO] acts,'
such a complaint, 'at the very least, must allege specifically
such an agreement.'" Wolhendler v. Goldberg, No. 19-CV-0457, 2020
WL 5658790, *2 (E.D.N.Y. Sept. 23, 2020) (quoting Sky Med. Supply
Inc. v. SCS Support Claims Servs., Inc., 17 F. Supp. 3d 207, 230
(E.D.N.Y. 2014)). Thus, "a RICO conspiracy claim will be
dismissed where the plaintiff alleges no facts to show specifically
that the defendants had any meeting of the minds in the alleged
violations." Id. (internal quotation marks and citation omitted).
"Conclusory allegations that the defendants 'agreed to commit' the
violations are insufficient." Id. (quoting F.D. Prop. Holding,
Inc. v. U.S. Traffic Corp., 206 F. Supp. 2d 362, 373-74 (E.D.N.Y.
2002)).

As a threshold matter, a complaint must plead that
Plaintiff suffered injury to "business or property . . . [that]
belong[s] to the plaintiff." Wolhendler, 2020 WL 5658790, at *3
(quoting Pappas v. Passias, 887 F. Supp. 465, 470 (E.D.N.Y. 1995))

(alteration in original).  "A plaintiff cannot sue under RICO for psychic or emotional injuries, because such injuries are not to 'business or property.'"  Id. (citing 18 U.S.C. § 1964(c)).  Here, Plaintiff has not "alleged facts sufficient to establish statutory standing to pursue a civil RICO claim" where, as here, he does not allege to have been "'injured in his business or property by reason of' an underlying RICO violation."  Id.  Therefore, Plaintiff "lacks standing to assert a RICO claim in his own right, because he fails to allege facts in his complaint that, if true, would establish that the defendants' conduct has caused injury to 'his business or property."  Pappas, 877 F. Supp. at 473 (quoting 18 U.S.C. § 1964(c)) (emphasis in original).

Assuming Plaintiff established standing, he fails to allege a plausible civil RICO claim.  The Complaint does not adequately allege any predicate acts, much less a pattern of RICO activity, nor does it sufficiently allege the existence of a RICO enterprise that affects interstate or foreign commerce.  (See generally Compl.)  Further, wholly absent are any factual allegations from which the Court could reasonably construe an agreement among the Defendants to commit RICO violations.  Rather, Plaintiff alleges, in conclusory fashion, that the Defendants all conspired against him.  (See Compl. at 4, 5 ¶ 6, 6 ¶¶ 13-14, 7 ¶ 15 (generally alleging that the United States, Judge Azrack, Judge Brown, and VIBS are either part of, or serve to protect, a racketeering organization).)  Accordingly, Plaintiff's RICO claim

14

is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

D.   Claims Pursuant to 42 U.S.C. §§ 1983 and 1985

The Court construes Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 and 1985 as alleging that Defendants conspired to violate Plaintiff's "constitutionally protected rights."[10] (See, e.g., Compl. at 7 ¶ 3 (requesting that the Court adjudicate all defendants "and co-conspirators" to have violated "Plaintiff's constitutional rights.").)  These claims must also be dismissed for failure to state a claim.  To state a conspiracy claim pursuant to Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).  A conspiracy claim under Section 1985(3) requires:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).  The Section

---

[10] The Court liberally construes Plaintiff's Section 1985 claim as brought pursuant to subsection (3) which protects against, as relevant here, a conspiracy to deprive of a "person or class of persons of the equal protection of the laws. . . ."  See 42 U.S.C. § 1985(3).

1985 "conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id. "Vague and unsupported assertions of a claim of conspiracy, either under § 1983 or § 1985(3), will not suffice." Rochester, 2020 WL 2857158, at *5 (citations omitted).

Here, the Court finds that the Complaint asserts "vague and unsupported" allegations regarding a conspiracy that are devoid any facts. (See generally Compl.) Thus, Plaintiff's claims under Sections 1983 and 1985 are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

E.   Claims Pursuant to 42 U.S.C. § 2000d

Plaintiff asserts claims against Touro and VIBS pursuant to 42 U.S.C. § 2000d which provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

"Title VI affords a private right of action only for intentional discrimination, . . . and requires a plaintiff to 'plausibly . . . allege that (1) the action was discriminatory based on race, color, or national origin; (2) such discrimination was intentional; and (3) the discrimination was a 'substantial or motivating factor' for defendants' actions.'" Moore v. Bitca, No. 19-CV-0035, 2020 WL 5821378, *22 (D. Vt. Sept. 30, 2020) (citing Alexander v.

Sandoval, 532 U.S. 275, 293 (2001) and quoting Tolbert v. Queens Coll., 242 F.3d 58, 69 (2d Cir. 2001)).

Plaintiff complains that Touro denied his admission notwithstanding that Touro offers "guaranteed admission" to applicants who score a minimum of 148 on the LSAT and he scored a 154.  (Compl. at 4 ¶¶ 2-3.)  Plaintiff alleges, among other things, that his denial was based on "his religion, race, gender, national origin and personal biases of the Touro Law Admission Council in violation of 42 U.S.C. § 2000d."  (Compl. at 5 ¶¶ 5-6.)

With regard to claims against VIBS, Plaintiff complains that "VIBS provided a FREE ATTORNEY to the BILLIONAIRE Defendant ALTINER simply because she is a woman."  (Compl. at 4 ¶ 1.) Plaintiff claims that VIBS

> is a racist, female supremacist racketeering organization doing business in the Domestic Violence Industry, providing women, purportedly "victims of domestic violence by men[,]" legal support to commit perjury and legal fraud at family courts, funded by the Public Funds of New York and federal grants.

(Compl. at 4.)

The Court finds that Plaintiff fails to state a Title VI claim pursuant to 42 U.S.C. § 2000d.  Plaintiff has not stated any facts from which one could reasonably infer any discriminatory intent or motivation with respect to religion, race, gender, or national origin on the part of Touro or VIBS.  In any event,

Plaintiff undercuts his claim of Touro's discriminatory intent by alleging that Touro denied his admission due to a "subjective assessment of [Plaintiff's] character." (Compl. at 5 ¶ 6.) As such, Plaintiff's wholly conclusory allegations are insufficient to allege a cause of action and the claims are DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). See Yusuf v. Vassar Coll., 35 F.3d 709, 712-14 (2d Cir. 1994) ("A plaintiff alleging racial or gender discrimination by a university must do more than recite conclusory assertions."); cf. Biswas v. City of New York, 973 F. Supp. 2d 504, 531-32 (S.D.N.Y. 2013) (finding that the plaintiff sufficiently alleged that the defendant had intentionally discriminated against her and that her race was a substantial or motivating factor in the defendants' actions where she alleged facts detailing how she was treated differently from students of other races).

F. Sovereign and Judicial Immunity Bars Claims against the United States, Judge Azrack, Judge Brown, New York State, Judge Crecca, Judge Leis, and Judge Gumbs-Moore

Even if Plaintiff alleged plausible claims under any of the above-referenced statutes, his claims against the United States, Judge Azrack, Judge Brown, New York State, Judge Crecca, Judge Leis, and Judge Gumbs-Moore are barred by the doctrines of sovereign and judicial immunity.

1. Sovereign Immunity

The Court considers claims against the United States, Judge Azrack, and Judge Brown together because "[a] suit against

a federal judge in her [or his] official capacity for actions taken by her [or him] in connection with her [or his] judicial duties is a suit against the United States." McCulley v. Chatigny, 390 F. Supp. 2d 126, 129–30 (D. Conn. 2005) (citing Robinson v. Overseas Military Sales Corp.*,* 21 F.3d 502, 510 (2d Cir. 1994)).  "As sovereign, the United States is immune to suit for damages for alleged constitutional torts unless the Government explicitly waives that immunity."  Id. at 130 (citing Up State Fed. Credit Union v. Walker*,* 198 F.3d 372, 374 (2d Cir. 1999)); see also Adeleke v. United States*,* 355 F.3d 144, 150 (2d Cir. 2004)("It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" (citation omitted)).  Plaintiff bears the burden of establishing that his "claims fall within an applicable waiver."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Here, the Complaint does not allege that the United States has waived sovereign immunity nor does the Complaint present facts from which the Court could plausibly infer that Plaintiff's claims fall within an applicable waiver.  Accordingly, Plaintiff's claims against the United States, Judge Azrack, in her official capacity, and Judge Brown, in his official capacity, are barred by sovereign immunity and are DISMISSED pursuant to 28 U.S.C. §

1915(e)(2)(B)(iii).[11]

2. Judicial Immunity

Plaintiff also asserts claims against Judge Azrack and Judge Brown in their personal capacities.[12]  Judges have absolute immunity from suit for judicial acts performed in their judicial capacities.  Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.").  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she or] he took was in error . . . or was in excess of [her or] his authority."  Id. at 11, 13, 112 S. Ct. at 288-89 (quoting Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978)); see also Bliven v.

---

[11] For the same reasons, Plaintiff's claims against New York State are barred by sovereign immunity.  Harrison v. New York, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) ("As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." (quoting KM Enters., Inc. v. McDonald, 518 Fed. App'x 12, 13 (2d Cir. 2013))).

[12] For the reasons stated herein, Plaintiff's claims against Judge Crecca, Judge Leis, and Judge Gumbs-Moore are barred by absolute judicial immunity as well as by sovereign immunity.  Bloom v. N.Y. State Unified Ct. Sys., No. 19-CV-7115, 2020 WL 6118828, at *3 (E.D.N.Y. Oct. 16, 2020) ("The Eleventh Amendment immunity . . . extends to state officials sued in their official capacities." (citing Davis v. New York, 316 F.3d 93, 101-02 (2d Cir. 2002))).  However, as stated above, the Court does not address these claims given that Judge Brown dismissed claims against Judge Crecca, Judge Leis, and Judge Gumbs-Moore with prejudice thus precluding consideration here.

Hunt, 579 F.3d 204, 209-14 (2d Cir. 2009).

Here, as is readily apparent, Plaintiff's allegations relate to actions taken by Judge Azrack and Judge Brown in their judicial capacities. Indeed, Plaintiff, dissatisfied with Judge Azrack's dismissal of Ates I and Ates II, sued Judge Azrack in Ates III and Ates IV. Dissatisfied with Judge Brown's dismissal of Ates III and Ates IV, Plaintiff initiated this Action seeking to impose liability against Judge Azrack and Judge Brown. These claims are precisely those that absolute judicial immunity was designed to preclude. See, e.g., Dekom v. Seybert, No. 17-CV-4176, 2017 WL 6729853, *2 (E.D.N.Y. Sept. 21, 2017) (dismissing claims against the undersigned and Judges Azrack, Locke, and Lindsay finding, inter alia, they were absolutely immune "for the actions that they took in their judicial capacities when assigned to Plaintiff's prior actions."). Therefore, Judge Azrack and Judge Brown are immune from suit and Plaintiff's claims against them are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

IV.   Plaintiff is not Entitled to Leave to Amend

The Second Circuit has cautioned that "[d]istrict courts should generally not dismiss a pro se complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile." Lamb v. Cuomo, 698 F. App'x 1, 2 (2d Cir. 2017) (summary order) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)); see also Shipman v. Charles Schwab & Co., No. 14-CV-4568, 2016 WL 11472831, at *7

(E.D.N.Y. Aug. 11, 2016) (citing O'Neil v. Ponzi, 394 F. App'x 795, 796-97 (2d Cir. 2010)) ("[T]he court need not grant leave to amend 'where the substance of the claim pleaded is frivolous on its face.' ").

Pursuant to 28 U.S.C. 1915(e)(2)(B)(i), "[a]n action is frivolous if it lacks an arguable basis in law or fact--i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989)) (alteration in original); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). As explained by the Supreme Court, "the in forma pauperis statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton, 504 U.S. at 32, 112 S. Ct. at 1733, (citation omitted). The Court may dismiss a claim "as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,'

22

'fantastic,' and 'delusional.'" Id. at 32–33, 112 S. Ct. at 1733 (citation omitted).

Here, the Complaint, when read with the "special solicitude" afforded to pro se litigants, "can only be construed as falling within the ambit of the kind of pleading described in" Denton. Armstrong v. Sylvestre, No. 19-CV-5378, 2020 WL 2933320, at *2 (E.D.N.Y. June 3, 2020). Two Judges in this District have already dismissed Plaintiff's prior actions asserting claims of alleged bias in the state court proceedings and with respect to Touro's denial of Plaintiff's admission to its law school. (See Ates I, June 19, 2020 Order; Ates III, Aug. 20, 2020 Elec. Order.) In fact, Judge Brown dismissed Ates III and Ates IV with prejudice. While Plaintiff alleges that Judge Azrack and Judge Brown denied him his "right from pursuing Appeals," among other things, Plaintiff never sought to appeal Judge Azrack's or Judge Brown's dismissal orders. Moreover, here, Plaintiff seeks relief that is "simply not cognizable," such as a declaration that the defendants "committed an armed robbery" against him in an amount "valued at" $17 billion dollars. Armstrong, 2020 WL 2933320, at *2; see Compl. at 7-8 ¶¶ 1-11. Therefore, the Complaint is DISMISSED as frivolous and leave to amend is DENIED as futile.

V.   Litigation Injunction Under the All Writs Act

Under the All Writs Act, a federal court may issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

See 28 U.S.C. § 1651(a).  The All Writs Act "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits."  MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).  Those circumstances include situations where a litigant repeatedly files frivolous actions.  See Malley v. N.Y. City Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (per curiam) (filing injunction may issue if numerous frivolous complaints are filed based on the same events); see also Yanping Xu v. Suffolk Cnty., No. 19-CV-1362, 2020 WL 3975471, at *8 (E.D.N.Y. July 14, 2020).  Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts.  Moreover, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

This Action, together with Ates I (No. 20-CV-1477), Ates II (No. 20-CV-1479), Ates III (No. 20-CV-3590), and Ates IV, (No. 20-CV-3729), suggest that upon dismissal, Plaintiff may file a new frivolous action in this Court relating to the subject matter of this Action and the complaints in Ates I, Ates II, Ates III, and Ates IV, and may assert claims against the undersigned.  The Court has an "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their

supporting personnel." <u>Lau v. Meddaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks, citations, and alterations omitted).

Here, the Court finds that Plaintiff's repeated filing of frivolous complaints constitutes an abuse of the judicial process. Accordingly, the Court now **ORDERS PLAINTIFF TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS MEMORANDUM AND ORDER WHY AN ORDER SHOULD NOT BE ENTERED BARRING HIM FROM FILING A NEW COMPLAINT AGAINST ANY OF THE DEFENDANTS NAMED IN THIS COMPLAINT AND PLAINTIFF'S PRIOR COMPLAINTS AND/OR RELATING TO OR ARISING FROM THE SUBJECT MATTER OF HIS PRIOR COMPLAINTS, INCLUDING HIS UNDERLYING STATE COURT AND FAMILY COURT PROCEEDINGS AND/OR HIS DENIAL OF ADMISSION TO TOURO, UNLESS IT IS ACCOMPANIED BY A SEPARATE APPLICATION SEEKING PERMISSION TO FILE.[13] PLAINTIFF'S AFFIDAVIT SHALL BE CLEARLY LABELED "AFFIDAVIT IN RESPONSE TO THE ORDER TO SHOW CAUSE" AND SHALL BEAR ONLY THE DOCKET NUMBER OF THIS CASE, 20-CV-4334(JS)(AYS).** Plaintiff is advised that a failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any new complaint as set forth above unless it is accompanied by a separate application seeking leave to file the new complaint and the Court will direct the Clerk of the Court to return to Plaintiff any such

---

[13] This Order is without prejudice to Plaintiff properly filing any appeal.

filing without docketing.

Finally, Plaintiff is CAUTIONED that Rule 11 of the Federal Rule of Civil Procedure applies to pro se litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and pro se litigants. . ."), and should he file another frivolous complaint, it is within the Court's authority to consider imposing sanctions upon him.  See FED. R. CIV. P. 11.

CONCLUSION

Plaintiff's application to proceed in forma pauperis is GRANTED.  However, for the reasons set forth above, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). Moreover, the Court finds that the Complaint is frivolous and leave to amend is DENIED as futile.  Plaintiff is further ORDERED TO SHOW CAUSE BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS OF THIS MEMORANDUM AND ORDER WHY AN ORDER SHOULD NOT BE ENTERED BARRING HIM FROM FILING A NEW COMPLAINT AGAINST ANY OF THE DEFENDANTS NAMED IN THIS COMPLAINT AND PLAINTIFF'S PRIOR COMPLAINTS AND/OR RELATING TO OR ARISING FROM THE SUBJECT MATTER OF HIS PRIOR COMPLAINTS, INCLUDING HIS UNDERLYING STATE COURT LITIGATION AND/OR HIS DENIAL OF ADMISSION TO TOURO, UNLESS IT IS ACCOMPANIED BY A SEPARATE APPLICATION SEEKING PERMISSION TO FILE.  PLAINTIFF'S AFFIDAVIT SHALL BE CLEARLY LABELED "AFFIDAVIT IN RESPONSE TO THE ORDER TO SHOW CAUSE" AND SHALL BEAR ONLY THE DOCKET NUMBER OF THIS CASE, 20-CV-4334(JS)(AYS).  Plaintiff is advised that a failure to file

an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring Plaintiff from filing any new complaint as set forth above unless it is accompanied by a separate application seeking leave to file the new complaint and the Court shall direct the Clerk of the Court to return any such filing to Plaintiff without docketing.

The Clerk of the Court is directed to provide the pro se Plaintiff with a copy of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    October   22   , 2020
          Central Islip, New York

27